UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
FORCHELLI, CURTO, DEEGAN,    |
SCHWARTZ, MINEO, COHN &      |
TERRANA, LLP                 |
                         |
         Appellant,     |          NOT FOR PUBLICATION
                         |          <u>ORDER</u>
      v.                 |          09-CV-5575 (CBA)
                         |
NACHAMA HIRSCH         |
         Appellee.      |
----------------------------------------------------------X
AMON, United States District Judge:

I.     <u>Introduction</u>

Appellant Forchelli, Curto, Deegan, Schwartz, Mineo, Cohn & Terrana, LLP ("Forchelli, Curto" or the "firm") has appealed an October 8, 2009 Order of a bankruptcy judge of the United States Bankruptcy Court for the Eastern District of New York ("bankruptcy court") denying Forchelli, Curto's motion to be relieved as counsel for Nachama Hirsch ("Mrs. Hirsch") in connection with the adversary proceeding brought by Mrs. Hirsch in the bankruptcy court. Mrs. Hirsch opposed Forchelli, Curto's application at the bankruptcy court and has filed a <u>pro se</u> brief with this Court. For the reasons stated herein, the Court remands this case to the bankruptcy court for a further development of the factual record.

II.    <u>Background</u>

Mrs. Hirsch is the estranged spouse of Benjamin Hirsch. On June 21, 2001, before a judgment of divorce was entered in the Supreme Court of the State of New York, Mr. Hirsch filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code in the Eastern District of New York, Case No. 02-17966. Subsequently, the chapter 11 case was converted to chapter 7 by an Order of the bankruptcy court dated January 7, 2006.

Prior to the conversion, Forchelli, Curto served as bankruptcy counsel for Mrs. Hirsch in connection with Mr. Hirsch's chapter 11 case. Forchelli, Curto represented Mrs. Hirsch in a variety of matters arising from the chapter 11 case.

Following the conversion of the case to chapter 7, Forchelli, Curto was reluctant to further represent Mrs. Hirsch due to outstanding legal fees owed to the firm. However, because of the time-sensitive nature of the proceeding, Forchelli, Curto continued to serve as counsel for Mrs. Hirsch in connection with the adversary proceeding at the bankruptcy court. As of September 17, 2009, appellant alleged that appellee owed the firm $23,070.88 for the firm's services rendered in connection with the adversary proceeding. The alleged nonpayment of these fees and Mrs. Hirsch's failure to make payment arrangements for such fees prompted Forchelli, Curto to file a motion with the bankruptcy court to withdraw as counsel for Mrs. Hirsch in connection with the adversary proceeding. Mrs. Hirsch filed an affidavit opposing the firm's motion. On October 8, 2009, the bankruptcy judge heard oral argument on the motion, and at the conclusion of the hearing, denied the firm relief to withdraw as Mrs. Hirsch's counsel. (See Designation 5, 15:1-25.)[1]

The bankruptcy court concluded that the "issue of payment alone is not sufficient to sway the motion to withdraw as counsel." (Designation 5, 15:17-18.) The court further found "a failure to show truly irreconcilable differences," and denied Forchelli, Curto's request to be relieved as appellee's counsel. (Designation 5, 15:19-22.) The court primarily relied on Terry v. Incorporated Village of Patchogue, 05 CV 3398, 2007 WL 2071557, at *3 (E.D.N.Y. July 16, 2007) as well as its belief that at this stage of the adversary proceeding "it would be too onerous

---

[1] All references to "Designation" refer to attachments to the "Designation of Record and Statement of Issues" filed by the appellant as DE# 66.

for Mrs. Hirsch to obtain new counsel. . . ." (Designation 5, 15:7-9.) Forchelli, Curto has

appealed the bankruptcy court's ruling to this Court.

III.     Discussion

Forchelli, Curto moved the bankruptcy court for leave to withdraw as Mrs. Hirsch's

counsel pursuant to E.D.N.Y. Local Bankruptcy Rule 2090-1(d). Rule 2090-1(d) provides that:

> An attorney who has been authorized to be retained or has appeared as the attorney of
> record for any party in any case or adversary proceeding may not withdraw or be relieved
> or displaced except by order after notice to the party represented, any adversaries (if
> applicable), the United States trustee and the trustee. An application for such an order
> shall include a showing by affidavit of satisfactory reasons for withdrawal or
> displacement and the posture of the case, including the status of any pending matters.

E.D.N.Y. LBR 2090-1(d).

Forchelli, Curto contends that the bankruptcy court incorrectly ruled that nonpayment

alone is insufficient to establish good cause for withdrawal and improperly precluded the firm

from presenting its argument that there existed irreconcilable differences between Mrs. Hirsch

and the firm that requires it to withdraw. The Court finds that the factual basis for both grounds

needs to be further developed on the record and that a remand to the bankruptcy court is

necessary.

The bankruptcy court correctly concluded that simple nonpayment of legal fees, without

more, is not a proper basis for withdrawal of counsel. Although, it is "well-settled in the Eastern

and Southern Districts of New York that non-payment of legal fees is a valid basis for granting a

motion to withdraw," Melnick v. Press, 06 CV 6686, 2009 WL 2824586, at *10 (E.D.N.Y. Aug.

28, 2009), "'[n]on-payment of legal fees, without more, is not usually a sufficient basis to permit

an attorney to withdraw from representation.'" United States v. Parker, 439 F.3d 81, 104 (2d Cir.

2006) (quoting In re Albert, 277 B.R. 38, 50 (Bankr. S.D.N.Y. Mar. 21, 2002)). While "a

client's refusal to pay attorney's fees may constitute 'good cause' to withdraw. . . courts have

permitted counsel to withdraw for lack of payment only where the client either 'deliberately disregarded' financial obligations or failed to cooperate with counsel." Id. (internal citations omitted).

There is an important distinction between mere nonpayment and deliberate disregard of financial obligations. Deliberate disregard "occurs when the client has the ability to pay fees, but declines to do so," so that "a solvent client who simply elects not to pay an obligation to an attorney deliberately disregards that obligation." United States v. Stein, 488 F.Supp.2d 370, 374 (S.D.N.Y. 2007) (refusing to grant defense counsel's motion to withdraw where client was in dire financial straits of which counsel was fully aware); see also E.C. v. Intracom Corp., 2007 WL 1593208, at *2 (E.D.N.Y. June 1, 2007) (denying application for withdrawal where client was unemployed and thus unable to pay legal fees and counsel knew of client's financial circumstance).

A client's course of conduct with respect to payment of legal fees is relevant in determining whether there has been a deliberate disregard of payment. A client's inability to pay over an extended period of time "may strengthen an inference of the client's lack of due regard for the obligation," and "more strongly [support] a finding of 'deliberate disregard.'" In re Albert, 277 B.R. 38, 48 (Bankr. S.D.N.Y. Mar. 21, 2002) (quoting Hammond v. T.J. Litle & Co., Inc., 809 F.Supp. 156 (D.Mass. 1992)). Furthermore, "[i]f the client's course of conduct does not include evidence of continuing efforts to find ways to meet the fee obligation, the inference of 'deliberate disregard' grows stronger over time." Id.

The bankruptcy court's conclusion that mere nonpayment is insufficient cause for withdrawal is correct as far as it goes. It is not clear from the record whether the bankruptcy court addressed and rejected the claim of "deliberate disregard" of payment. In support of its

4

argument that Mrs. Hirsch deliberately disregarded her financial obligations, Forchelli, Curto

points to the long history of Mrs. Hirsch's failure to pay legal fees, the firm's continued demands

for payment, and Mrs. Hirsch's failure to establish that she has no wherewithal to make such

payments. Mrs. Hirsch, however, contends that she never received legal bills with respect to the

adversary proceeding from Forchelli, Curto, and that she had difficulty scraping together the

$10,000 retainer fee owed to the firm.[2] The record before this Court contains none of the bills or

records for payment, which are apparently disputed. Although the deficiencies in the record

would normally be held against the movant, in light of the need to permit supplementation on the

conflict issue discussed below, it seems prudent to further address the nonpayment issue. In light

of the dispute regarding legal bills and nonpayment, the matter must be remanded for a further

development of this issue in the bankruptcy court and a specific ruling on whether or not Mrs.

Hirsch deliberately disregarded her obligation to pay the fees.

The second ground on which Forchelli, Curto seeks to be relieved is its claim that a

conflict has arisen between counsel and the client which mandates its removal. The

circumstances giving rise to such a conflict are, in part, counsel's claim that Mrs. Hirsch has

accused Forchelli, Curto of malpractice and has gone so far as to seek out other attorneys to

discuss the firm's defective representation. At oral argument on the appeal, Mrs. Hirsch denied

having discussed this subject with other attorneys.

Forchelli, Curto faults the bankruptcy court for rejecting its motion without providing it

with the opportunity to set forth on the record the claimed irreconcilable differences that exist

between the firm and Mrs. Hirsch. Although counsel was cut off by the bankruptcy court when

he sought to detail some of his unpleasant exchanges with his client, the bankruptcy judge may

---

[2] Mrs. Hirsch's contentions are supported in her deposition, taken on September 9, 2009, which was not before the bankruptcy court when it made the October 8, 2009 ruling. (See Designation 6; see also Mrs. Hirsch's letter dated January 4, 2010, filed with this Court as DE #2.)

well not have understood what counsel was attempting to show. In any event, on a more complete record, the bankruptcy court might conclude that there is a conflict or irreconcilable difference requiring withdrawal.

Conclusion

Based on the insufficient record before this Court, the Court remands the matter to the bankruptcy court for a further development of the factual record and for further proceedings consistent with this opinion.

SO ORDERED.

Dated: Brooklyn, New York
June 23, 2010

s/Hon. Carol B. Amon

Carol Bagley Amon
United States District Judge